UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRIGETTE CURTIS-CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:19-CV-63-DRL-MGG |
| ) | |
| PREMIER BUILDING MATERIALS, ) | |
| INC. d/b/a Orion Lighting Solutions, ) | |
| ) | |
| Defendant. ) | |

**REPORT & RECOMMENDATION**

On December 12, 2019, this Court granted Defendant's counsel motion to withdraw as counsel, which was filed on November 15, 2019. [DE 70]. The Court initially took Defendant's counsel's motion under advisement in order to afford Defendant—a corporation—almost a month to resolve its representation issues with counsel or secure new representation. [DE 67]. In that order, the Court cited Seventh Circuit authority to show that corporations, like Defendant, may not litigate in this Court without representation. [DE 67 at 1–2]. To ensure that Defendant was aware of the risks it faced if it proceeded unrepresented in this matter, the Court ordered Defendant's counsel to send a copy of the advisement order directly to Defendant at its Elkhart, Indiana address. [DE 67 at 2].

On December 2, 2019, Defendant's counsel reported to the Court that the advisement order had been mailed as ordered but that Defendant had not communicated with counsel "*for a significant period of time.*" [DE 68 at 1–2 (emphasis in

original)]. Without any contact from Defendant to its counsel or the Court, the Court held a telephonic conference with counsel for both sides on December 12th. [DE 69].

Discussion with counsel, who continued to make attempts to contact Defendant, and the Court's own unsuccessful attempts to complete telephone calls to Defendant's Ohio and Indiana offices led the Court to allow Defendant's counsel to withdraw and to give Defendant one last chance to secure representation. The Court again cited legal authority regarding the inability of corporations to litigate without representation in this Court. [DE 70 at 1]. The Court also warned Defendant that "**[i]f no attorney enters an appearance on behalf of Defendant by January 10, 2020, the undersigned will recommend that the presiding judge enter default judgment in favor of Plaintiff and against Defendant.**" [DE 70 at 2 (emphasis in original)].

At the Court's direction, the Clerk mailed a copy of the withdrawal order to Defendant at its Ohio and Indiana addresses. On January 3, 2020, the order mailed to Defendant's Ohio address was returned to the Court as undeliverable with notation that the post office could not forward the mail. [DE 71]. The undersigned can only assume that the order mailed to Defendant's Indiana address was received. Yet as of this date, more than 10 days after the Court's deadline, Defendant has filed nothing to apprise the Court of its intentions regarding this litigation.

Therefore, consistent with the withdrawal order, the undersigned **RECOMMENDS** that default judgment be entered against Defendant because it has not participated in its defense for more than two months without explanation.

**NOTICE IS HEREBY GIVEN that within fourteen (14) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations.** Fed. R. Civ. P. 72(b). **FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

The Court **DIRECTS** the Clerk to mail copies of this Order to Defendant, Premiere Building Materials, Inc. d/b/a Orion Lighting Solutions at both of its addresses: 631 Collins Road, Elkhart, IN 46516 and 8200 Memorial Dr., Suite A, Plain City, OH 43064. Additionally, the Clerk is **DIRECTED** to mail a courtesy copy of this order to Defendant's former attorney, Christina L. Corl, Plunkett Cooney PC–Col/OH, 300 E. Broad St., Ste. 590, Columbus, OH 43215.

**SO ORDERED** this 21st day of January 2020.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge

3